## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **D.CLARK HOWELL** : | |
|     **Plaintiff** : | **CASE NO. 3:02-cv-00736 (JBA)** |
| : | |
| **VS.** : | |
| : | |
| **NEW HAVEN BOARD OF EDUCATION** : | **OCTOBER 26, 2004** |
|     **Defendant** | |

### OBJECTION TO PLAINTIFF'S WITNESSES

**Objection as to the Following Witness:**

    **Jeanne Lovrin**

The defendant objects to the aforementioned witness under Federal Rules of Evidence 402, 403 and 404 (b).

The plaintiff has stated that this witness will testify concerning other acts of blatant discrimination by the defendant and by John Russell against persons suffering from psychiatric conditions. This description is vague and is not limited as to time. The plaintiff needs to state with more specificity what the Ms. Lovrin's testimony will be as to what acts and time frame so the defendant can determine whether such testimony is relevant and material.

Absent an offer of proof, it appears that allowing this witness to testify would only lead to confusion of issues as it is not relevant as to the issues and would be inadmissible under Federal Rules of Evidence 404 (b) as to other acts.

**Objection as to the Following Witnesses:**

**Chanel Blackmon, Anjenique Baker, Terrance White, Kenny Foster, Jr. Kenara Foster, Khalill Abraham Kourouma, Aboubacar Gassama, Shaniqua Garcia, Shantel Garcia, Aneudys Peguero, Dacia Bucknor, Cheri Walker, Rikkia Hunter, and Joseph Hunter**

The defendant objects to the aforementioned witnesses as to relevance and cumulative evidence.

The basis of the defendant's objections is first as to relevance under Federal Rules of Evidence 401 and if the court finds these witnesses to have relevant evidence to present through testimony then the defendant objects to the number of witnesses under Federal Rules of Evidence 403.

The plaintiff has listed all fourteen of the aforementioned witnesses as to testifying to the plaintiff's actions at Hyde School and the impact of his forced transfer. It is the defendant's understanding that all of the aforementioned witnesses are students or former students of Hyde School. It is unknown as to what the plaintiff is referring to the aforementioned witnesses' testimony as to the plaintiff's actions but the impact of the plaintiff's forced transfer upon the school and the students is clearly irrelevant. Furthermore, the plaintiff should have to state with more specificity what the students' testimony would be regarding the plaintiff's actions before the defendant would be able to intelligently respond to this extensive list of students.

If, after an offer of proof, the court found these witnesses to have relevant testimony, then the defendant objects to all thirteen of these witnesses testifying as it

would be needless presentation of cumulative evidence under Federal Rules of Evidence 403.

**Objection as to the Following Witness:**

**Felicia Huertas**

The defendant objects to the aforementioned witness as to relevance and cumulative evidence.

The basis of the defendant's objections is first as to relevance under Federal Rules of Evidence 401 and if the court finds this witness to have relevant evidence to present through testimony then the defendant objects to the number of students witnesses testifying to the plaintiff's actions and the impact of his forced transfer upon the school and students under Federal Rules of Evidence 403.

The plaintiff has listed this witness in addition to fourteen other students as to testifying to the plaintiff's actions at Hyde School and the impact of his forced transfer. It is the defendant's understanding that this witness is a student or former student of Hyde School.  It is unknown as to what the plaintiff is referring to the aforementioned witness' testimony as to the plaintiff's actions but the impact of the plaintiff's forced transfer upon the school and the students is clearly irrelevant. Furthermore, the plaintiff should have to state with more specificity what the students' testimony would be regarding the plaintiff's actions.

Additionally, the defendants object to the testimony of this witness as concerning the actions of other staff members. The plaintiff needs to state with more specificity

what the Ms. Huertas' testimony will be as to what acts and time frame so the defendant can determine whether such testimony is relevant and material.

If, after an offer of proof, the court found this witnesses to have relevant testimony, then the defendant objects to this witness testifying as it would be needless presentation of cumulative evidence under Federal Rules of Evidence 403.

**Objection as to the Following Witness:**

**Zelphia Hunter**

The basis of the defendant's objections is to relevance under Federal Rules of Evidence 401.

It is unknown as to what the plaintiff is referring to the aforementioned witness' testimony concerning the plaintiff, Russell and other professional staff at Hyde. The plaintiff needs to state with more specificity what the Ms. Hunter's testimony would be before the defendant would be able to intelligently respond to this witness disclosure.

**Objection as to the Following Witness:**

**Paul Hennesey**

The defendant objects to the aforementioned witnesses as to relevance and cumulative evidence.

The basis of the defendant's objections is first as to relevance under Federal Rules of Evidence 401 and 402 and if the court finds this witness to have relevant evidence to present through testimony, the defendant objects to this witness under

Federal Rules of Evidence 403, as the plaintiff has disclosed well over 20 witnesses he claims will testify as to the plaintiff's actions at Hyde.

The plaintiff lists this witness as to testifying to the plaintiff's actions at Hyde School. It is unknown as to what the plaintiff is referring to the aforementioned witness' testimony as to the plaintiff's actions. The plaintiff needs to state with more specificity what these witnesses' testimony would be regarding the plaintiff's action before the defendant would be able to intelligently respond to this witness disclosure.

**Objection as to the Following Witnesses:**

**Jake Jarvis, Stephen Jefferson, Charles Neal, Michael Neal, Jennifer Powers, Michael Claxton, Scott X. Esdaile and Kathleen Granfield**

The defendant objects to the aforementioned witnesses as to relevance and cumulative evidence.

The basis of the defendant's objections is first as to relevance under Federal Rules of Evidence 401 and 402 and if the court finds these witnesses to have relevant evidence to present through testimony then the defendant objects to the number of witnesses under Federal Rules of Evidence 403.

The plaintiff has listed all eight of the aforementioned witnesses as to testifying to the plaintiff's actions at Hyde School and concerning school policies and practices. It is unknown as to what the plaintiff is referring to the aforementioned witnesses' testimony as to the plaintiff's actions or what school policies and practices he is referring to. The plaintiff needs to state with more specificity what these witnesses' testimony would be

regarding the plaintiff's actions and concerning school policies and practices. Absent a further explanation, the defendant is unable to respond to this extensive list of witnesses.

If, after an offer of proof, the court found these witnesses to have relevant testimony than the defendant objects to all eight of these witnesses testifying as it would be needless presentation of cumulative evidence under Federal Rules of Evidence 403.

**Objection as to the Following Witnesses:**

**John Crotty, Mike Martone and George Wasilenko**

The defendant objects to the aforementioned witness as to relevance, hearsay and cumulative evidence.

The aforementioned witnesses are all fellow teachers, none of whom were teachers at Hyde Leadership School, therefore, it is questionable as to their ability to testify as to the disparate treatment received by the plaintiff while at Hyde. Therefore the defendant objects to the testimony of these witnesses as to disparate treatment as to relevance under Federal Rules of Evidence 401 and 402.

Furthermore, it is also questionable without their testimony being hearsay as to what evidence the aforementioned teachers could testify to as to the plaintiff's injuries. Anything the plaintiff said to them would be hearsay and could be presented through the testimony of the plaintiff himself. Therefore, the defendant objects to the testimony of these witnesses as to the plaintiff's injuries under Federal Rules of Evidence 802.

**Objection as to the Following Witness:**

**Ryan Gandreau**

The defendant objects to the aforementioned witness as to relevance, hearsay and cumulative evidence.

The aforementioned witness is a fellow teacher, who worked with the Plaintiff at Coop School, therefore it is questionable as to his ability to testify as to the disparate treatment received by the plaintiff, as the plaintiff's complaint references his treatment at Hyde. Therefore the defendant objects to the testimony of this witness as to disparate treatment as to relevance under Federal Rules of Evidence 401 and 402.

Furthermore, it is also questionable without his testimony being hearsay as to what evidence the aforementioned teacher could testify to as to the plaintiff's injuries. Anything the plaintiff said to them would be hearsay and could be presented through the testimony of the plaintiff himself. Therefore, the defendant objects to the testimony of these witnesses as the plaintiff's injuries under Federal Rules of Evidence 802.

                THE DEFENDANTS,
                NEW HAVEN BOARD OF EDUCATION

/s/:_____
        Audrey C. Kramer
        Assistant Corporation Counsel
        165 Church Street, 4th Floor
        New Haven, CT  06510
        Federal Bar #ct14520
        Telephone: (203) 946-7968
        Facsimile:  (2030 946-7942
        Akramer@newhavenct.net

## **CERTIFICATION**

  This is to certify that on October 26, 2004, a copy of the foregoing Objection to Plaintiff's Witnesses has been mailed, postage prepaid to the following counsel and pro se parties of record.

John Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

             /s/_____
               Audrey C. Kramer

J:\CYCOM32\WPDOCS\D021\P002\00003247.DOC