UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **D.CLARK HOWELL** | : | |
|     Plaintiff | : | CASE NO. 3:02-cv-00736 (JBA) |
| | : | |
| **VS.** | : | |
| | : | |
| | : | |
| **NEW HAVEN BOARD OF EDUCATION** | : | **OCTOBER 26, 2004** |
|     Defendant | | |

## OBJECTIONS TO PLAINTIFF'S EXHIBITS

**1.**     **Plaintiff's Personnel File**

    **Objection**: Plaintiff's personnel file contains, at a minimum, 70 pages of documents, some are official, and some are letters from the plaintiff that are self-serving. It would be next to impossible to list all the objectionable material contained in the plaintiff's personnel file. The main objections would be as to relevance and hearsay as not every document contained in personnel file would be relevant.

    Furthermore, plaintiff has individually listed certain documents from his personnel file as exhibits, that are objected to for reasons of relevance and hearsay.

    If the plaintiff wishes to introduce his personnel file, he should list the documents that are pertinent to this action and then the defendants may or may not object based on the Federal Rules of Evidence.

**2.**     **Defendant's Written Policy concerning "Transfers and Promotions"**

**Objection**:  The defendant objects to this exhibit as to relevance.  The defendant's written policy concerning transfers and promotions is irrelevant.  Plaintiff grieved his transfer and it was determined that his transfer did not violate the contract.  This decision was decided by administrative agency acting in a judicial capacity. The plaintiff did not seek review of the arbitrator's decision in state court, as was his right, therefore under the theory of res judicata, he is precluded from relitigating the issue of transfer. As the issue has already been determined, the defendant's written policy on transfers and promotions is irrelevant under Federal Rules of Evidence 401 and 402. See also Defendant's Motion in Limine concurrently filed.

**4.**     **Strategic School Profile**

**Objection**: The defendant objects to this exhibit as to relevance. This exhibits sets forth a snapshot of data regarding school enrollment, student ethnicity, school resources, school processes, and student achievement. Without an offer of proof defendant can not determine the relevance of this purely statistical school profile and thereby objects to this exhibit under Federal Rules of Evidence 401 and 402.

**6.**     **Award to Plaintiff from the 1999-2000 Basketball Team**

**Objection:** The defendant objects to this exhibit as to relevance.  Without an offer of proof the defendant can not determine the relevance of an award given by the

basketball team and its coaches to a claim brought pursuant to the American with Disabilities Act alleging a discriminatory transfer based on a perceived disability. The defendant objects to this exhibit under Federal Rules of Evidence 401 and 402.

7. **Three Howling Wolves Anthem**

   **Objection**: The defendant objects to this exhibit as to relevance.  Without an offer of proof the defendant can not determine the relevance of a CD of the anthems for a Hyde Sports Team to a claim brought pursuant to the American with Disabilities Act alleging a discriminatory transfer based on a perceived disability, The defendant objects to this exhibit under Federal Rules of Evidence 401 and 402.

8. **Hyde Leadership Weekly**

   **Objection**: The defendant objects to this exhibit as to relevance.  Without an offer of proof the defendant can not determine the relevance of a Weekly School Newspaper to a claim brought pursuant to the American with Disabilities Act alleging a discriminatory transfer based on a perceived disability, The defendant objects to this exhibit under Federal Rules of Evidence 401 and 402.

10. **Mayo To Howell July 17, 1996**

    **Objection**: The defendant objects to this exhibit as to relevance.  Without an offer of proof, the defendant can not determine the relevance of a letter from Dr. Mayo

to the plaintiff regarding his appointment to Hyde School in 1996. The defendant objects to this exhibit under Federal Rules of Evidence 401 and 402.

11.   **Evaluation of the Plaintiff December 19, 1996**

**Objection**: The defendant objects to this exhibit as to relevance.  Without an offer of proof, the defendant can not determine the relevance of an evaluation for a period nearly four years prior to the events that precipitated the plaintiff's transfer. The defendant objects to this exhibit under Federal Rules of Evidence 401 and 402.

12.   **Mayo to Howell February 4, 1998**

**Objection**: The defendant objects to this exhibit as to relevance.  Without an offer of proof, the defendant can not determine the relevance of a form attendance letter to a claim brought pursuant to the American with Disabilities Act alleging a discriminatory transfer based on a perceived disability. There is no allegation that the plaintiff's transfer was based upon his attendance or lack thereof.   The defendant objects to this exhibit under Federal Rules of Evidence 401 and 402.

14.   **Plaintiff's Response dated 10/2/00**

**Objection**: Plaintiff's self-serving response is hearsay. The defendant objects to this exhibit under Federal Rules of Evidence 802.

**15.     Plaintiff's Response dated 10/2/00**

**Objection**: Plaintiff's self-serving response is hearsay. The defendant objects to this exhibit under Federal Rules of Evidence 802.

**17.     Plaintiff's Response dated 10/2/00**

**Objection**: Plaintiff's self-serving response is hearsay. The defendant objects to this exhibit under Federal Rules of Evidence 802.

**21.     Plaintiff's Response**

**Objection**: Plaintiff's self-serving response is hearsay. The defendant objects to this exhibit under Federal Rules of Evidence 802.

**23.     Mayo to Howell  June 23, 2000**

**Objection**: The defendant objects to this exhibit as to relevance.  Without an offer of proof, the defendant can not determine the relevance of a form attendance letter to a claim brought pursuant to the American with Disabilities Act alleging a discriminatory transfer based on a perceived disability. There is no allegation that the plaintiff's transfer was based upon his attendance or lack thereof.  The defendant objects to this exhibit under Federal Rules of Evidence 401 and 402.

**24.     Plaintiff's Response Dated 10/12/00**

**Objection**: Plaintiff's self-serving response is hearsay. The defendant objects to this exhibit under Federal Rules of Evidence 802.

**28.     Lucan to Mayo October 16, 2000**

**Objection**: The defendant objects to this exhibit as to relevance.  Without an offer of proof, the defendant can not determine the relevance of a letter regarding the fact that the plaintiff did not receive his stipend for the month he was on administrative leave with pay. It is the defendant's understanding that this was an oversight and corrected. There is no allegation in the plaintiff's complaint that he did not receive his stipend while on administrative leave.  The defendant objects to this exhibit under Federal Rules of Evidence 401 and 402.

**30.     Howell to Wilder November 16, 2000**

**Objection**: The defendant objects to this exhibit as to relevance.  Without an offer of proof, the defendant can not determine the relevance of a letter regarding the fact that the plaintiff did not receive his stipend for the month he was on administrative leave with pay. It is the defendant's understanding that this was an oversight and corrected. There is no allegation in the plaintiff's complaint that he did not receive his stipend while on administrative leave.  The defendant objects to this exhibit under Federal Rules of Evidence 401 and 402.

**32.**     **Howell to Wilder January 5, 2001**

**Objection**: The defendant objects to this exhibit as to relevance.  It is undisputed that the plaintiff when transferred no longer received the stipend he received while working at Hyde. Furthermore the document refers to the transfer as violating the contract an allegation not contained in the plaintiff's complaint and a matter already litigated. Plaintiff grieved his transfer and it was determined that his transfer did not violate the contract. This decision was decided by administrative agency acting in a judicial capacity. The plaintiff did not seek review of the arbitrator's decision in state court, as was his right, therefore under the theory of res judicata, he is precluded from relitigating the issue of transfer. As the issue has already been determined, the defendant's policy on written transfers is irrelevant under Federal Rules of Evidence 401 and 402. See also Defendant's Motion in Limine concurrently filed.

If the court finds this document to be relevant as to issues other than the plaintiff's claims as to the involuntary transfer then the claims as to involuntary transfer should be redacted for the foregoing reasons.

**33.**     **Howell to Employee File January 5, 2001**

**Objection:** The defendant objects to this exhibit as to hearsay.  It is a self-serving hearsay document that contains hearsay within hearsay.  Without an offer of proof the defendant can not determine whether any of the exceptions to the Federal

Rules of Evidence 802 regarding hearsay apply. Furthermore, it again references inappropriate and illegal actions as to the transfer, an allegation not contained in the plaintiff's complaint and a matter already litigated. Plaintiff grieved his transfer and it was determined that his transfer did not violate the contract. This decision was decided by administrative agency acting in a judicial capacity. The plaintiff did not seek review of the arbitrator's decision in state court, as was his right, therefore under the theory of res judicata, he is precluded from relitigating the issue of transfer. See Defendant's Motion in Limine concurrently filed.

If the court finds this document to be relevant then the hearsay should be redacted and plaintiff's claims as to the involuntary transfer should also be redacted for the aforementioned reasons.

**34.    Howell to Halloran  1/22/01**

**Objection**: The defendant objects to this document as to relevance and hearsay. It appears to be a letter to an unknown person regarding conditions of the plaintiff's new school. Without an offer of proof, the defendant can not determine the relevance of this exhibit or if any of the exceptions to the hearsay rule apply. The defendant objects to this exhibit under Federal Rules of Evidence 401, 402 and 802.

**35.     Halloran to Howell  1/22/01**

**Objection:**  The defendant objects to this document as to relevance and hearsay.  It appears to be a letter from an unknown person (not listed as a witness) regarding conditions of the plaintiff's new school.  Without an offer of proof, the defendant can not determine the relevance of this exhibit or if any of the exceptions to the hearsay rule apply. .  The defendant objects to this exhibit under Federal Rules of Evidence 401, 402 and 802.

**36.     Howell to Mr. Roberts January 26, 2001**

**Objection:** The defendant objects to this exhibit as to hearsay.  It is a self-serving  document that is hearsay.  Without an offer of proof the defendant can not determine whether any of the exceptions to the Federal Rules of Evidence 802 regarding hearsay apply.

**37.    Howell to Wilder March 15, 2001**

**Objection:** The defendant objects to this exhibit as to hearsay. It is a self-serving document that is hearsay. Without an offer of proof the defendant can not determine whether any of the exceptions to the Federal Rules of Evidence 802 regarding hearsay apply. Furthermore, it again references the grievance as to the claimed involuntary transfer and subsequent reduction in pay the transfer, a matter already litigated. Plaintiff grieved his transfer and it was determined that his transfer did not violate the contract. This decision was decided by administrative agency acting in a judicial capacity. The plaintiff did not seek review of the arbitrator's decision in state court, as was his right, therefore under the theory of res judicata, he is precluded from relitigating the issue of transfer. The defendant objects to this exhibit under Federal Rules of Evidence 401, 402 and 802. See Defendant's Motion in Limine concurrently filed.

**38.    Howell to Wilder March 23, 2001**

**Objection:** Defendant refers to its objection to Exhibit 37 as this is essentially the same document.

**39.    Return Receipt for Exhibit 38**

**Objection**: If the objection to Exhibit 38 is sustained then this exhibit is not relevant. The defendant objects to this exhibit under Federal Rules of Evidence 401, 402

**40.    Article VII from Union Contract**

**Objection**:  The defendant objects to this exhibit as to relevance.  Article VII from union contract  is about Transfers and Promotions.  Plaintiff grieved his transfer and it was determined that his transfer did not violate the contract. This decision was decided by administrative agency acting in a judicial capacity. The plaintiff did not seek review of the arbitrator's decision in state court, as was his right, therefore under the theory of res judicata, he is precluded from relitigating the issue of transfer. As the issue has already been determined, Article VII of the Union Contract concerning Transfers and Promotions is irrelevant under Federal Rules of Evidence 401 and 402. See also Defendant's Motion in Limine concurrently filed.

**41.    Howell to Wilder 9/25/00**

**Objection**:   The defendant objects to this exhibit as to relevance.   Plaintiff in his complaint alleges that he requested his personnel file and Exhibit 42 shows that he received it. The defendant objects to this exhibit under Federal Rules of Evidence 401 and 402.

**42.   Certificate of Receipt**

**Objection**: The defendant objects to this exhibit as to relevance. Plaintiff in his complaint alleges that he requested his personnel file and Exhibit 42 shows that he received it. The defendant objects to this exhibit under Federal Rules of Evidence 401 and 402.

> THE DEFENDANT
> NEW HAVEN BOARD OF EDUCATION
>
> /s/:_____
> Audrey C. Kramer
> Assistant Corporation Counsel
> 165 Church Street, 4th Floor
> New Haven, CT  06510
> Federal Bar #ct14520
> Telephone: (203) 946-7968
> Facsimile:  (2030 946-7942
> Akramer@newhavenct.net

## **CERTIFICATION**

This is to certify that on October 26, 2004, a copy of the foregoing Objection to Plaintiff's Exhibits has been mailed, postage prepaid to the following counsel and pro se parties of record.

John WIlliams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

/s/_____
Audrey C. Kramer