UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **D.CLARK HOWELL**<br>**Plaintiff** : | **CASE NO. 3:02-cv-00736 (JBA)** |
| VS. : | |
| **NEW HAVEN BOARD OF EDUCATION** :<br>**Defendant** | **OCTOBER 26, 2004** |

### DEFENDANT'S MEMORANDUM IN SUPPORT
### OF ITS MOTION IN LIMINE

**I.    Factual and Procedural Background**

The plaintiff, in his complaint dated March 25, 2002, that he originally filed in Superior Court, alleges that the Defendant, New Haven Board of Education discriminated against him on the basis of a perceived disability by transferring him to a school that paid 25% less wages than those that he received while he was at Hyde Leadership School (Plaintiff's complaint paragraphs 35 & 36). The claims in his complaint are limited to violations under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

Prior to the filing of this complaint and pursuant to the contact, the parties, plaintiff and defendant Board, went to arbitration. (Agreement between the New Haven Board of Education and the New Haven Federation of Teachers, Local 933, AFT, AFL-CIO attached as Exhibit 1) (hereinafter the "Contract")  The plaintiff as a member of

- 3 -

Local 933 was entitled to file a grievance regarding his involuntary transfer pursuant to Article III of the Contract. The grievance was not resolved at the first levels and went to a step 5 arbitration. Article II, Step 5 of the Contract provides that, "the greivant may proceed directly to arbitration, which shall be **binding**, subject to the limitation of the statute." (Ex. 1 – Contract p. 11) (emphasis added)

There are no allegations in the plaintiff's complaint of a violation of the contract agreement as to the plaintiff's involuntary transfer. Furthermore, the plaintiff, pursuant to the contract, grieved his transfer, and in a decision he did not appeal from determined that his transfer did not violate the union contract. (Award of Arbitrators dated August 26, 2002 attached as Exhibit 2) (hereinafter the "Award").

Therefore, the defendant moves to preclude any reference to the contract or the illegal transfer of the plaintiff other than in the context of a claim under the ADA and Rehabilitation Act.

## II. Standard for Preclusion of Evidence

> The trial court has considerable discretion in determining whether to admit or exclude evidence, see, e.g., Perry v. Ethan Allen, Inc., 115 F.3d 143, 150 (2d Cir.1997); Healey v. Chelsea Resources, Ltd., 947 F.2d 611, 619 (2d Cir.1991), and to exclude even relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice or confusion, or by its cumulative nature, see Fed.R.Evid. 403. Further, "[e]rror may not be predicated upon a ruling which ... excludes evidence unless a substantial right of the party is affected...." Fed.R.Evid. 103(a); see also Fed.R.Civ.P. 61 (erroneous evidentiary ruling will not justify the grant of a new trial unless allowing the judgment to stand would be "inconsistent with substantial justice").

Gierlinger v. Gleason, 160 F.3d 858, 871 (2d Cir. 1998).

- 4 -

### III. The Common Law Application of Res Judicata Applies in this Case

Connecticut General Statutes Section 10-153f (8) a provides in relevant part, "[t]he decision of the arbitrators or a single arbitrator shall be subject to judicial review upon the filing of by a party to the arbitration. . . . in the superior court for the judicial district wherein the school district involved is located." Neither party made such a filing. Therefore, pursuant to the contract the decision of the arbitrator was binding. (Ex. 1 – Contract p. 11)

Courts have long favored the application of res judicata to the determination of administrative agencies that have obtained finality. Astoria Fed. Savings and Loan Assoc. v. Solimino, 501 U.S. 104, 107 (1991). "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." United States v. Utah Constr. & Mining Co., 384 U.S. 394, 4222 (1966).

In this particular matter, the plaintiff seeks to introduce evidence through numerous exhibits as enumerated in the Defendant's Objections to Plaintiff's Exhibits regarding the violation of the contract as to the plaintiff's involuntary transfer.

The decision of the arbitrator in the underlying grievance shows that the parties had an ample opportunity to present evidence and witnesses and supporting law in favor of their respective positions. ." (Ex. 2 – Award) As the parties had ample opportunity to litigate the issue of the transfer of the plaintiff as being violative of the

- 5 -

contract, the court should preclude any reference by the plaintiff to that aspect of the plaintiff's transfer.

For the foregoing reasons, the plaintiff should not be permitted to introduce evidence concerning the contract or other policies regarding the alleged illegal transfer of the plaintiff. In the event that the court does not grant this motion in full, the defendant asks that the court order the plaintiff to indicate his intent to introduce such testimony outside of the presence of the jury, and that such testimony first be presented to the court outside the jury's presence, in order to avoid undue prejudice to the defendant in the event that it is disallowed.

THE DEFENDANTS,
NEW HAVEN BOARD OF EDUCATION

/s/: _____
Audrey C. Kramer
Assistant Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT 06510
Federal Bar #ct14520
Telephone: (203) 946-7968
Facsimile: (2030 946-7942
Akramer@newhavenct.net

## CERTIFICATION

This is to certify that on October 26, 2004, a copy of the foregoing Memorandum in Support of Motion in Limine has been mailed, postage prepaid to the following counsel and pro se parties of record.

John Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

/s/ _____
Audrey C. Kramer

J:\CYCOM32\WPDOCS\D028\P002\00003376.DOC