UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **D.CLARK HOWELL** : | |
|     Plaintiff : | Case No. 3:02-cv-00736 (JBA) |
| : | |
| **VS.** : | |
| : | |
| : | |
| **NEW HAVEN BOARD OF EDUCATION** : | NOVEMBER 26, 2004 |
|     Defendant | |

## OBJECTION TO MOTION FOR PROTECTIVE ORDER

The defendant respectfully objects to plaintiff's Motion for Protective Order dated November 25, 2004, and in support files this objection.

### FACTUAL BACKGROUND

On or about March 27, 2002, the plaintiff served a complaint upon the New Haven Board of Education based upon alleged discriminatory actions based on a perceived disability. The plaintiff alleges that as a result of the defendant's action, the plaintiff has suffered emotional distress. ( Exhibit 1 - Plaintiff's complaint, paragraph 38).

Additionally, the plaintiff claims in his responses to defendant's interrogatories that the actions of the defendants has aggravated his condition of depression and

**ORAL ARGUMENT NOT REQUESTED**

increased the frequency in which he seeks treatment from Dr. Terry Eicher. (Exhibit 2 - Plaintiff's Response to Defendant's First Interrogatories, Responses Number 7-9.

Both the plaintiff and the defendant had listed Terry Eicher, Ph.D. (hereinafter "Eicher") in their Joint Trial Memorandum. The plaintiff when he reduced the number of witnesses he was to have testify from 58 to 40 eliminated Eicher. The plaintiff ha s known since June 14, 0224, that the defendant has listed Eicher. as a witness. Furthermore, the plaintiff had previously filed a Motion for Protective Order as to the defendant obtaining the records of Eicher on March 28, 2003 which was denied as he has brought his mental health into issue.

## **LAW AND ARGUMENT**

In Jaffee, the Supreme Court established that under federal common law there exists a psychotherapist- patient relationship and that "confidential communication between a licenses psychotherapist and [his] patients in the course of diagnosis or treatment are protected from complete disclosure under Rule 501 of the federal Rules of Evidence." Jaffee v. Redmond, 116 S.CT. 1923, 1931 (1996). Although there is a privilege as relates to these records, the patient may waive the privilege. Id. at 1931, n. 14.

Supreme Court Standard 504 provides significant guidance in this regard. Under the heading "Exceptions," this standard provides, in pertinent part, that "[t]here is no privilege under this rule as to communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the

condition as an element of his claim or defense, ..." 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 504.01 (Joseph M. McLaughlin ed., 2d ed. 1997); see also 8 Charles Alan Wright et al. Federal Practice & Procedure § 2016.2 (2d ed. 1994).  "Although the rules of privilege embodied in Rule 504 as promulgated by the Supreme Court were not adopted by Congress, the Supreme Court has, in effect, rendered an advisory opinion on their constitutionality." United States ex rel Edney v. Smith, 425 F.Supp. 1038, 1046 (E.D.N.Y.1976), aff'd without opinion, 556 F.2d 556 (2d Cir.1977); 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 504.02 (Joseph M. McLaughlin ed., 2d ed. 1997).

Although the Second Circuit has not addressed this issue after the Supreme Courts' decision in Jaffee, other Federal Courts addressing the issue of waiver of the psychotherapist-patient privilege after Jaffee.  These courts have tended to agree, although implicitly, with this Exception to Supreme Court Standard 504. See Alden v. Time Warner 1995 WL 679238, at *2 (S.D.N.Y. Nov.14, 1995) (ordering release of records of marriage counselor and drug rehabilitation facility where plaintiff had clearly placed emotional health at issue); Vann v. Lone Star Steakhouse & Saloon of Springfield, Inc. 967 F.Supp. 346 (C.D.Ill.1997) (holding that when a patient- litigant puts her mental condition into issue, she waives the psychotherapist privilege); Topol v. Trustees of Univ. of Pa., 160 F.R.D. 476, 477 (E.D.Pa.1995)("Having placed her mental state in issue, plaintiff waived any applicable psychotherapist-patient privilege."); Sarko v. Penn-Del Directory Co., 170 F.R.D. 127, 130 (E.D.Penn.1997)("a party waives the

[[psychotherapist-patient] privilege by placing her mental condition directly at issue"). In Sarko, the court explained that "[a]llowing a plaintiff 'to hide behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice."') Id. (citations omitted).

The plaintiff, now states, in his current motion for protective order, that he does not claim an exacerbation of any illness as a consequence of the defendant's actions. In any event, the defendant does not wish to question the plaintiff's psychologist as to his treatment but only as to statements made by the plaintiff to Eicher under Federal Rules of Evidence 803 (2), admission by party opponent.

As the plaintiff as put his mental health into issue, his motion for protective order should be denied.

                              THE DEFENDANTS

                    By:_____
                        Audrey C. Kramer
                        Assistant Corporation Counsel
                        Office of the Corporation Counsel
                        165 Church Street
                        New Haven, CT 06510
                        Federal Bar #CT14520
                        Telephone: (203) 946-7968

## **CERTIFICATION**

This is to certify that on November 26, 2004, a copy of the foregoing Objection to Motion for Protective Order was sent via facsimile, to the following counsel and pro se parties of record:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

_____
Audrey C. Kramer

J:\CYCOM32\WPDOCS\D001\P002\00001865.DOC