UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

D. Clark Howell,                        :
                                        :
            Plaintiff,                  :
                                        :
v.                                      :    No. 3:02cv736(JBA)
                                        :
New Haven Board of Education,           :
                                        :
            Defendant.                  :

## JURY INSTRUCTIONS

You have now heard all of the evidence in the case. I shall now instruct you concerning the law applicable to this case. After that, you will hear the arguments by or on behalf of the parties and then you will return to the jury room to deliberate in accordance with these instructions.

You must take the law as I give it to you and if any attorney or any witness or exhibit has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. The instructions as a whole constitute the law of this case and must be applied as a whole; you should not single out any one instruction.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court. It would also be a violation of your

1

sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

In deciding the facts, you must not be swayed by bias or prejudice for or against any party.  All persons stand equal before the law and are to be dealt with as equals in a court of justice.

You are also not to be swayed by sympathy.  All parties expect that you will carry out your duty to carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide should be drawn from the facts you determine, and you weigh the evidence.

No one may invade your province or function as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  You may review your notes for this purpose, but your notes are for your use only and not to be read or used by other members of the jury.

<u>ADVERSARY SYSTEM</u>

Our courts operate under an adversary system in which we hope that the truth will emerge through the competing presentations of adverse parties.  It is the role of the parties or their attorneys to press as hard as they can for their respective positions.  In fulfilling that role, they have not only the right, but the obligation to make objections to the introduction of evidence they feel is improper.  You should therefore not hold it against counsel in any way for making objections.  The application of the rules of evidence is not always clear, and there are often disagreements.  It has been my job as the judge to resolve these disputes.  It is important for you to realize, however, that my rulings on evidentiary matters have nothing to do with the ultimate merits of the case, and are not to be considered as points scored for one side or the other.

You are to decide this case solely on the basis of the evidence.  Remember, statements and characterizations of the evidence by counsel or the parties are not evidence.  Insofar as you find their closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.  It is the witnesses' answers that are evidence.  At times, counsel on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness agreed with it, you may find those facts to be true, but you may not consider it to be true simply because it was in the question.

Testimony that has been excluded by the court is also not evidence and may not be considered by you in rendering your verdict.  Arguments by attorneys are not evidence.  What they will say to you in their closing statements is intended to help you understand the evidence from their viewpoint in reaching your verdict.  However, if your recollection of the facts differs from the attorneys' statements, it is your recollection that controls.  Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.  The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence

5

or nonexistence of any fact.  The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your mind as being most accurate and otherwise trustworthy.

## WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness's testimony contradictory?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your every day

7

life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  The parties' obvious interest in the outcome of the case should be considered by you. You should also consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of his or her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment and your own life experience.

## IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  You may find an apparent inconsistency justified or unjustified.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in whole or in part.

DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testified about something he or she knows by virtue of his or her own senses - something he or she has seen, felt, touched or heard. Direct evidence may also be in the form of an exhibit.

Circumstantial evidence is evidence that tends to prove a disputed fact through proof of other facts. You infer a fact from other facts using your reason and experience and common sense.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## INFERENCE DEFINED

In their arguments, the parties may ask you to infer, on the basis of your reason, experience and common sense, from established facts, that some other fact exists. An inference is not a suspicion or a guess, and the process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist. An inference is a deduction or conclusion which you, the jury, are permitted to draw - but not required to draw - from the facts that have been established by either direct or circumstantial evidence.

There are times when different inferences may be drawn from facts. The plaintiff asks you to draw one set of inferences, while the defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience. However, no inference may be drawn from the mere fact that the plaintiff has filed this lawsuit.

11

BURDEN OF PROOF

The plaintiff D. Clark Howell, has the burden of proving each element of his claim by a preponderance of the evidence.  I will shortly be instructing you on what the elements of Mr. Howell's claim are.  If you find that any element of the claim has not been proved by a preponderance of the evidence, you must return a verdict in favor of the defendant on that claim.

To prove by a preponderance of the evidence means to prove that something is more likely true than not true.  If one side proves a fact by a preponderance of the evidence, that means the evidence it has presented has more convincing force than the opposing evidence and produces in your minds a belief that what is sought to be proved is more likely true than not true.

It might be helpful to imagine a pair of scales in equal balance.  Imagine that you can put Mr. Howell's evidence on one side of the scale and the defendant's evidence on the other side of the scale.  If the scales tip ever so slightly in favor of Mr. Howell, then his evidence preponderates, and he has sustained his burden of proof.  If the scales tip the other way, ever so slightly in favor of the defendant, then, obviously, Mr. Howell has not sustained his burden of proof and you must find in the defendant's favor.  If you conclude that the scales are evenly balanced and that neither party's evidence outweighs the other's, then the defendant must prevail because Mr. Howell has failed to

meet his burden of proving his case by a preponderance of the evidence.

Remember this is a civil case, not a criminal case.  The burden of proof differs in civil cases from the burden of proof in criminal cases.  In criminal cases, the burden of proof is proof beyond a reasonable doubt.  That is not the standard here. In civil cases, the burden of proof is proof by a preponderance of the evidence.

## THE AMERICANS WITH DISABILITIES ACT

The claim before you is based on 42 U.S.C. § 12101, the Americans With Disabilities Act or the ADA.  This statute provides in part that:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

The purpose of the ADA is to provide a clear and comprehensive national policy to eliminate discrimination in the workplace against individuals with disabilities.

<u>ELEMENTS OF THE CLAIM</u>

To prove the violation of the ADA that the plaintiff claims, Mr. Howell has the burden of proving each of the following elements by a preponderance of the evidence:

First, that the plaintiff was "regarded as" having a "disability," as I will define these terms for you;

Second, that the defendant discriminated against plaintiff because of the defendant's perception of that disability; and

Third, that the plaintiff suffered damages as a direct result of that discrimination.

15

FIRST ELEMENT—DISABILITY

The first element of a claim under the ADA is that the plaintiff must have a "disability".  A "disability" as defined in the ADA is a mental or physical impairment that substantially limits one or more major life activities; <u>or</u> a record of such an impairment; <u>or</u> being regarded as having such an impairment. Plaintiff's claim in this case is that defendant regarded, or perceived, him as having an impairment that substantially limited a major life activity.

## REGARDED AS HAVING AN IMPAIRMENT

"Disability" under the ADA is defined to include situations in which a plaintiff is regarded as being substantially limited in a major life activity.  Even if plaintiff does not in fact have an impairment that substantially limits a major life activity, he may still satisfy the first element of his claim if he proves he was regarded or perceived by the defendant as having such an impairment.

To establish that he is regarded as having a substantially limiting impairment, the plaintiff must establish by a preponderance of the evidence that:

a.  the plaintiff has an impairment that does not substantially limit a major life activity but was perceived by the defendant as having such an impairment; or

b.  the plaintiff has an impairment which is substantially limiting only because of the attitudes of others toward the impairment; or

c.  the plaintiff has no impairment at all but is regarded by the defendant as having a substantially limiting impairment.

17

<u>IMPAIRMENT</u>

The definition of "impairment" applicable to this case is:

Any mental or physiological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

## MAJOR LIFE ACTIVITY

The plaintiff has alleged that the defendant regarded him as having an impairment that substantially limits a major life activity.  "Major life activities" are the normal activities of living, such as caring for oneself, walking, seeing, hearing, speaking, breathing, learning, and working.  In this case, the plaintiff claims that the defendant regarded him as being substantially limited in the major life activity of working.

The term "substantially limited" means either that the plaintiff was regarded as being unable to perform that major life activity, or that he was regarded as being significantly restricted as to the condition, manner, or duration under which he could perform that major life activity as compared to an average person in the general population.

"Substantially" in the phrase "substantially limits" means "considerably" or "to a large degree."  The word "substantial" thus precludes impairments that interfere in only a minor way with the performance of the activity of working.

An impairment need not be permanent in order to substantially limit a major life activity, as long as it is a long-term impairment.  For these purposes, long-term is defined as indefinite or unknowable in duration, and expected to last at least several months.

19

WORKING AS A MAJOR LIFE ACTIVITY

In this case, the plaintiff claims that he was regarded as being substantially limited in the major life activity of working. The plaintiff must prove by a preponderance of the evidence that he was regarded as having a significant restriction in the ability to perform a class of jobs or a broad range of jobs in various classes. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working under the ADA.

A "class of jobs" is defined as those jobs utilizing similar training, knowledge, skills or abilities within the geographical area where the plaintiff lives and works. For example, the class of jobs for airplane pilots is all commercial pilot and co-pilot positions, including flying cargo or courier planes, and is not limited to piloting large commercial passenger jets.

Thus, a perception that Mr. Howell was unable to work in any kind of teaching position or in the educational field would constitute a belief that he was substantially limited in the major life activity of working. A belief by the defendant that Mr. Howell was limited only in his ability to teach at the Hyde School would not.

SECOND ELEMENT—DISCRIMINATION

The second element that the plaintiff must prove is that the defendant discriminated against him because of the proved perceived disability.

To satisfy this element, the plaintiff must prove by a preponderance of the evidence that the defendant took an adverse employment action against him because of plaintiff's perceived disability or that the perceived disability was a motivating factor in the decision to take that adverse action.

A motivating factor is a factor that made a difference in the defendant's decision to take the adverse employment action claimed, namely the involuntary transfer to the Coop School. This element has not been proved if you find that the defendant would have taken the same action in the absence of plaintiff's perceived disability.

An employer may not take adverse employment action against an employee because of a perceived disability, but may do so if the employee is unable to do the job, even if the reason the employee cannot do his job is because of a disability.  An employer may also take adverse employment action against an employee for unacceptable behavior in the workplace, even if that behavior was a result of the employee's disability.

Plaintiff may satisfy his burden of proving this element through direct or indirect evidence of discrimination.  Direct

21

evidence would include oral or written statements showing a discriminatory motivation for the defendant's treatment of him. Indirect evidence would include proof of a set of circumstances that would allow one reasonably to believe that the defendant's claimed non-discriminatory reasons for taking the adverse action were a pretext and that discriminatory motives were a motivating factor that made a difference in defendant's decision-making.

ADVERSE EMPLOYMENT ACTION

An adverse employment action is one that a reasonable person would regard as having materially significant negative effect on the terms or conditions of employment.  Whether the action was adverse to the plaintiff is a question for you to decide based on all of the evidence presented.

THIRD ELEMENT—DAMAGES

If the plaintiff has proven by a preponderance of the evidence that defendant has violated the ADA, then you must determine the damages to which plaintiff is entitled.  The fact that I am instructing you concerning damages does not mean that I have any opinion as to whether the defendant should in fact be found liable.  It is your function to decide on liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

COMPENSATORY DAMAGES

The purpose of damages is to award just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights.  Compensatory or actual damages seek to make the party whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered as a result of the defendant's discriminatory actions. Compensatory damages are not limited merely to expenses that the plaintiff has borne.  Instead, compensatory damages should fairly and justly compensate the plaintiff for any financial loss he has proved he suffered as a result of the alleged discriminatory action by the employer, and any mental anguish suffered as a result of that conduct.  Compensatory damages must not be based on speculation or sympathy; they must be based on the evidence presented at trial, and only on that evidence.

In this case, plaintiff's claimed financial loss is the loss of stipend which he had been receiving at Hyde School, which he claims he would have received had he not been discriminated against, for that period from the date of the transfer to the Coop School to the date of your verdict.

You will also calculate separately, as future damages, the amount of the wages that the plaintiff would have earned had he not been discriminated against for that period from the date of your verdict until the date when he would have voluntarily

25

resigned or retired. In calculating future damages, you may
consider the standard table of mortality as compiled by the
United States Bureau of the Census, which will be provided to
you.  The parties have agreed that the Court will calculate the
present value of any amount of future damages that you award.
Therefore, you are to consider only the amount of wages,
unadjusted for inflation or discounted to present value, that the
plaintiff would have received in the future.

If you return a verdict in favor of the plaintiff, then you
must award him such money as you believe will fairly and
reasonably compensate him for any loss sustained as a direct
consequence of the discrimination by the defendant. The plaintiff
has the burden of proving to you by a preponderance of the
evidence that the defendant's unlawful actions were the proximate
cause of his injuries, that is, that the defendant's actions were
a substantial factor in bringing about or actually causing injury
or damage. The damages you award must be fair and reasonable,
neither inadequate nor excessive.

Finally, a plaintiff who has been injured by the wrongdoing
of another must use reasonable care to prevent any increase in
the damages resulting from the injuries sustained.  The injured
plaintiff is not required to do what is unreasonable or
impractical.  Rather, reasonable care means what a reasonably
prudent person would be expected to do under the same

circumstances.  The defendant bears the burden of proving that the plaintiff could have avoided some or all of his damages through the use of reasonable care.  Accordingly, if you award damages to plaintiff, you must reduce that award by any amount you find the defendant has proved plaintiff could have avoided by doing what a reasonably prudent person would have done in plaintiff's circumstances.

NONPECUNIARY DAMAGES

In addition to damages for past economic loss, a prevailing plaintiff in an ADA action is entitled to damages for the emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish the plaintiff has suffered as a result of defendant's conduct. You should not award damages for speculative injuries, but only for those that the plaintiff actually suffered as a result of the defendant's discriminatory conduct or which the plaintiff is reasonably likely to suffer in the near future.

When considering the amount of monetary damages to which plaintiff may be entitled, you should consider the nature, character, and seriousness of any mental anguish, inconvenience or humiliation he felt. You must also consider its extent or duration, as any award you make must cover the damages endured by the plaintiff since the wrongdoing, to the present time, and into the future if you find that the facts justify the conclusion that Mr. Howell's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

You must also consider, however, whether and to what extent the plaintiff's emotional distress has been due to a condition that existed before the adverse employment action or arose from events other than the discriminatory actions of the employer.

Mr. Howell does not claim and thus has offered no evidence that defendant's action in transferring him from the Hyde School to Coop School exacerbated or made worse his diabetes or major depression medical conditions.

<u>NOTE TAKING</u>

I have now concluded the instructions relating to the specific claims in this case.  In closing, I must add a few more general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence.  If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.  Your notes are not evidence and should not be shared.

CONCLUSION

Your verdict must be unanimous and represent the considered judgment of each juror.  Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors.  It is your duty to consult with one another and to deliberate with a view toward reaching an agreement if you can do so consistent with the individual judgment of each juror.  Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your deliberations, do not hesitate to re-examine your individual view, or to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous.  However, you should not surrender your honest convictions as to the facts as you find them or as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Remember at all times you are not partisan, rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. After you have retired to begin your deliberation, you are not to leave your jury room without first notifying the marshal, who will

escort you.  No deliberation may take place without all jurors being present.

## EXPLANATION OF VERDICT FORM

A verdict form has been prepared for your use. [EXPLAIN] You will take this verdict form to the jury room and answer the questions asked.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the verdict form.  Then inform the marshal that you have reached a verdict.

You will have exhibits with you in the jury room.  If you want any of the testimony read, you must request that.  Please remember that it is not always easy to locate what you might want, so be as specific as possible in your request.  Your requests for testimony and, in fact, any communication with the Court should be made to me in writing, signed by your foreperson, and given to one of the marshals.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that in your communications with the court you should not specify your numerical division at any time.

It is proper to add a final caution.  Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.  Thank you.