UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **D.CLARK HOWELL** : | |
|     **Plaintiff** : | Case No. 3:02-cv-00736 (JBA) |
| : | |
| **VS.** : | |
| : | |
| : | |
| **NEW HAVEN BOARD OF EDUCATION** : | JANUARY 3, 2005 |
|     **Defendant** | |

**OPPOSITION OF THE DEFENDANT NEW HAVEN BOARD OF EDUCATION TO PLAINTIFF'S APPLICATION FOR AWARD OF ATTORNEY FEES**

## I.   INTRODUCTION

Plaintiff has filed a motion, dated December 12, 2004, in which he seeks to recover attorney fees for work done by his attorney, John Williams and costs. The defendant objects to the hourly rate claimed by Attorney Williams, as it is inconsistent with standard attorney fees. Furthermore, his claims for costs are undocumented and not reasonable.

## II.   STATEMENT OF RELEVANT FACTS

The plaintiff, D. Clark Howell, brought an action for violation of his rights under the Americans with Disabilities Act against the New Haven Board of Education seeking damages for what he claims was an unlawful transfer.

A jury verdict in this matter was returned in favor of the plaintiff in the amount of $450,000 on December 7, 2004.

The plaintiff has moves that he be awarded attorney fees and costs in the amount of $33,323.25, for work performed by Attorney John Williams in this

matter. Plaintiff has produced evidence that his attorney is an experienced civil rights attorney. Attorney Williams has provided a detailed record of the time worked on the case. Attorney Williams further claims that he spent 85.6 hours on this case. The New Haven Board of Education ("The Board") objects to not only the amount billed per hour but also to the amount of hours worked. In particular, the Board objects to the following: three hours of preparation time for fee application (excessive amount of time); three hours for preparing copies of exhibits (excessive amount of time, probably not performed by Attorney Williams); one hour of reviewing arbitration transcript (not relevant to case); and one hour of meeting with client re principal's attempt to impose scientology beliefs re psychiatry on him (not relevant to case).

The Board objects to Attorney Williams' claim that he is entitled to $350 per hour. The Board also objects to all of the claims for attorney's fees to be billed at the going rate for Attorney Williams, as Attorney Williams did not attend all settlement conferences and there is no breakdown in the billing as to who from Attorney Williams' office performed what work on this file.

Additionally, the Board objects to the expenses, as they are undocumented and unreasonable.

### III.    LAW AND ARGUMENT

**A.    Attorney Fees**

    **1.    Standard For Determining Reasonable Attorney Fee Award**

In determining a reasonable attorney fee award under the Equal Access to Justice Act, the district court calculates a "lodestar" figure, which is the number of

hours reasonably put forth on the litigation multiplied by a reasonable hourly rate. See *Connecticut State Department of Social Services v. Thompson,* 2003 U.S. Dist. LEXIS 18987 (D. Conn. 2003); 28 U.S.C. § 2412(d)(1)(B) .

> Accordingly, determining the amount of the award will be a three-step process. The court will first determine the appropriate hourly rate for the attorneys and their support staff, and then determine the number of hours reasonably expended in litigating the matter. Finally, the hourly rate and total hours will be multiplied to determine the amount of plaintiffs' award. *Thompson* at 7.

Calculation of the lodestar also requires the Court to determine the 'prevailing market rates' for the type of services rendered, i.e. the fees that would be charged for similar work by attorneys of like skill in the area*." Bristol Technology*, *Inc. v. Microsoft Corporation*, 127 F. Supp. 2d 64 (D. Conn. 2000).

28 U.S.C. § 2412(d)(2)(A) provides $125 per hour as the standard hourly rate. However, the court may make a discretionary award if it "determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings is involved." 28 U.S.C. § 2412(d)(2)(A); *Connecticut State Department of Social Services v. Thompson,* 2003 U.S. Dist. LEXIS 18987, at 7.

In *Pierce v. Underwood,* the Supreme Court noted that "the exception for 'limited availability of qualified attorneys for the proceedings involved' must refer to attorneys 'qualified for the proceedings' in some specialized sense, rather than just in their general legal competence. We think it refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in

3

question - as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation." 487 U.S. 552, 572 (1988).

In *Thompson*, the Court granted the Plaintiff's motion for an award of attorney's fees greater than the statutorily provided $125 rate because "the litigation required lawyers with expertise in the statutory and regulatory scheme governing the provision of Medicare benefits. The plaintiffs were represented by attorneys employed by the Center for Medicare Advocacy in Willimantic, Connecticut." *Thompson* at 12.

Moreover, the Court in that case noted that several factors must be taken into consideration. Those factors include the size of the firm (large firms generally bill at higher rates) and the location of the firm (firms with offices in major metropolitan areas usually bill higher than firms that practice exclusively in Connecticut, as do firms in the lower Fairfield County area). *Thompson* at 12. The Court awarded three of the attorneys in *Thompson* $325 per hour and one of the attorneys $375 per hour. *Thompson* at 17-18. The Court based its decision on "their extensive experience and expertise, the number of lawyers with whom they practice, and the geographical setting of their law offices." *Thompson* at 17. Furthermore, the Court in Thompson determined that the nature of the litigation in that case to be unusually complex and dealt with difficult procedural issues. . *Thompson* at 13.

**2. Attorney Williams should not receive $350 per hour because he has not proved that this is the going rate for attorneys of like skill in the area nor that he has any distinctive knowledge or specialized skill of which there is a limited number of qualified attorneys.**

Under 28 U.S.C. § 2412(d)(2)(A), an attorney may recover more than the standard hourly rate if the Court determines that there is a limited availability of qualified attorneys for the proceedings. As the Court in *Pierce* noted, "qualified for the proceedings" refers to some sort of specialization, not just general legal competence. Even an extraordinary level of the "general lawyerly knowledge and ability," is not sufficient. *Pierce* at 572. The fourth circuit has interpreted *Pierce,* "holding that fee enhancement only be available where the attorney "possessed some sort of specialized training or expertise beyond that which can and should be acquired by a reasonably competent attorney engaged in the practice of a legal specialty that he or she has chosen to become proficient in by diligent study or work. " *Hyatt v. Barnhardt*, 315 F.3d 239, 253 (4th Cir. 2002). There must be some specialized skill or distinctive knowledge.

Attorney Williams does not have the required specialized skill that would entitle him to this inflated hourly rate. It is not disputed that he is an experienced civil rights attorney. However, Attorney Williams does not possess the required specialized skill to satisfy the test in *Pierce*. Civil rights are not governed by a complex statutory or regulatory scheme nor is there a limited availability of qualified attorneys to represent clients in civil rights matters. Even if Attorney Williams has knowledge of civil rights, it is still general lawyerly knowledge and ability useful in all litigation. He does not have any distinctive knowledge such as was seen in the *Thompson* case, where the litigation required lawyers with

5

expertise governing the complex regulations and statutory scheme of Medicare benefits. *Thompson* at 12. In *Thompson* there was a limited availability of attorneys with adequate knowledge of the proceedings involved. The lawyers in that case were employed by the Center for Medicare Advocacy. The Court in that case stated, "Having litigated various actions challenging provisions of the Medicare statute and regulations, the Center's attorney had extensive knowledge of the statutory and regulatory scheme. Such knowledge goes far beyond the scope of the general legal acumen expected of a competent attorney handling federal litigation." *Thompson* at 12-13.

Moreover, in *Thompson*, the Court put forth several other factors that must be taken into consideration. When applied to the present case, those factors do not support Attorney Williams' hourly rate. Attorney Williams' firm is a small firm in New Haven with no other offices. The Court in *Thompson* noted that larger firms in major metropolitan areas that do not practice exclusively in Connecticut might bill more.

The Court stated that "the Center is a private, non-profit organization which provides education, advocacy, and legal assistance to Medicare beneficiaries." *Thompson* at 12, citing http://www.medicareadvocacy.org. Furthermore, the Court in Thompson determined that the nature of the litigation in that case to be unusually complex and dealt with difficult procedural issues. . *Thompson* at 13.

Aside from references to the cases of *Thompson* and *Bristol*, the plaintiff has submitted no evidence of the fees of similar work by attorneys of like skill in

the area. Thompson and Bristol were cases involving complex issues in regard to Medicare and CUTPA respectively. Although this case involved a violation of rights under the Americans with Disabilities Act, it was basically a simple wrongful employment action and the award of damages was based upon the plaintiff's income rather than the complexity of the case. Additionally, John Williams is a partner in a small firm in New Haven County in that practices exclusively in Connecticut.

**B.    Expenses**

    **1.    Standard for Expenses**

The Second Circuit has held that reasonable identifiable out-of-pocket disbursements, which are ordinarily charged to clients, are recoverable. See *United States Football League v. National Football League,* 887 F.2d 408, 416 (2d Cir. 1989).

    **2.  The costs claimed are not reasonable or documented.**

Plaintiff claims $3,363,25 in costs for enumerated expenses. He provides no documentation for such costs. The witness fees and marshal fees are not broken down or documented. Witness fees and marshal fees in the amount of over $2,000.00 are excessive and not reasonable. The defendant should not incur costs for witnesses not called. Furthermore, the propriety for the cost of a transcript for the arbitration hearing should not be allowed as the arbitration hearing was not at issue in the instant matter.

A failure to itemize and document such claimed expenses is unjustified and as such the court should deny them.

7

## IV. CONCLUSION

For the aforementioned reasons, the defendant objects to the Plaintiff's claims for attorney's fees and expenses.

>
> THE DEFENDANT,
> NEW HAVEN BOARD OF EDUCATION
>
>
> /s/_____
>       Audrey C. Kramer
>       Assistant Corporation Counsel
>       Office of the Corporation Counsel
>       165 Church Street
>       New Haven, CT 06510
>       Telephone No. 946-7968
>       Federal Bar No. CT14520
>       E-MAIL – Akramer@Newhavenct.net

## **CERTIFICATION**

     **THIS IS TO CERTIFY** that a copy of the foregoing Opposition of the Defendant New Haven Board of Education to Plaintiff's Application for Award of Attorney Fees was mailed postage prepaid on the 3rd day of January, 2005, to the following counsel of record and/or pro se parties:

John R. Williams, Esquire
51 Elm Street, Suite 409
New Haven, Connecticut  06510

                                                       /s/ _____
                                                           Audrey C. Kramer