UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| D. CLARK HOWELL | : |
| VS. | :   NO. 3:02CV736(JBA) |
| NEW HAVEN BOARD OF EDUCATION : | JANUARY 8, 2005 |

**REPLY BRIEF CONCERNING DEFENDANT'S OPPOSITION
TO PLAINTIFF'S APPLICATION FOR ATTORNEY FEES**

The defendant has filed limited objections to certain claimed fees and expenses on behalf of the plaintiff. This is a supremely ironic objection, since the total fees claimed in this case constitute a mere 6.6% of the sum awarded to the plaintiff by the jury. Rather than objecting, the defendant should be praising the attorney-fee gods for so modest an application. But turning to the specific objections:

*(1) Lodestar Rate*

The defendant objects to the $350 lodestar claimed in this case, asserting that in the *Thompson* case relied upon by the plaintiff, this court based its determination that going rates in this district are $325 to $375 per hour on the size of the plaintiff's law firm, the experience of plaintiff's counsel, and the size of the community in which plaintiff's counsel maintains an office. In *Thompson*,

1

however, the plaintiff's law firm was a small office operating in the Town of Willimantic. The experience of the lawyers there was certainly no greater than that of the plaintiff's firm, which has a history of several significant and substantial verdicts in this court in employment litigation. Indeed, the undersigned obtained a verdict of $750,000 against the same defendant, represented by the same attorney, at the Hartford seat of this court only months before the verdict in this case. *Passarelli vs. New Haven Board of Education*, NO. 3:99CV1399(AVC). By the defendant's standard, the lodestar in this case should be greater than that awarded in *Thompson*, but the plaintiff is not requesting that.

### *(2) Identity of Attorney Providing Services*

The defendant objects to portions of the fee application on the ground that the undersigned did not do all of the work in this case. True, but so far as can be determined from our records, the work performed by others has not been billed. A simple comparison of the court record with the billings should establish that. The defendant claims that the undersigned did not personally prepare and copy the exhibits in this case. The defendant is mistaken. While the City of New Haven may have the taxpayer funds to support a small army of paralegals to do the bidding of defense counsel, the undersigned does not. Long hours over a copy machine is part of the joy of being a lawyer at 51 Elm Street.

***(3)   Expenses for Witness Fees and Marshal Fees***

The defendant objects to the amounts claimed for witness fees and marshal fees, on the ground that they are not documented. The canceled checks are available for examination by defense counsel and will be produced for the court either at a hearing or at the court's request. However, it cannot be disputed that the statutory witness fee is $40 per witness per day, plus travel. When that, and the marshal fees, are compared to the number of witnesses called at this trial by the plaintiff – a number which at one point filled the courtroom and prior to trial elicited an objection from defense counsel -- it is obvious that the amounts claimed are accurate.

Respectfully submitted:

BY:_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
(203) 562-9931
FAX: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

CERTIFICATION OF SERVICE

On the date above stated, a copy hereof was mailed to Attorney Audrey C. Kramer, Assistant Corporation Counsel, 165 Church Street, New Haven, CT 06510.

_____
JOHN R. WILLIAMS