# EXHIBIT D

```
 1                  UNITED STATES DISTRICT COURT

 2                    DISTRICT OF CONNECTICUT

 3

 4     *    *    *    *    *    *    *

 5   D. CLARK HOWELL                    *

 6                    Plaintiff,        *    Case No 02cv736(JBA)

 7   VS.                                *

 8   NEW HAVEN BOARD OF EDUCATION       *    NOVEMBER 30, 2004

 9                    Defendant         *

10     *    *    *    *    *    *    *    *

11

12         TRANSCRIPT OF THE TESTIMONY OF JOHN WASELIK,

13                ALAN GRENET, CHRIS SAGNELLA

14

15   B E F O R E:

16            THE HON. JANET BOND ARTERTON, U.S.D.J.

17

18   APPEARANCES:

19           FOR THE PLAINTIFF:
             WILLIAMS & PATTIS
20           51 Elm Street
             New Haven, CT.  06510
21           BY:  JOHN WILLIAMS, ESQ.

22
             FOR THE DEFENDANT:
23           CORPORATION COUNSEL
             157 Church Street
24           New Haven, CT 06510
             BY:  AUDREY KRAMER, ESQ.
25                                       Sharon Montini
                                      Official Court Reporter
```

1  A. Yes, sir, assistant principal.

2  Q. Is it correct to say that at the time you
3  had that conversation with Clark where he told you
4  about his medical -- said something about his
5  medical situation, that that was not something
6  where you wrote down what his response had been?

7  A. No, I did not write it down, I just orally
8  told Mr. Russell.

9  Q. And would it be correct to say although you
10 have some memory of it, your memory is sort of
11 partial?

12 A. I would say 99 percent.

13 Q. Okay, very good. Thank you very much.

14         THE COURT: Anything further?

15         MS. KRAMER: No, your Honor.

16         THE COURT: All right, thank you, Mr.
17 Grenet. You are excused. You may step down.

18         We can start with one other person.

19         MS. KRAMER: I call Chris Sagnella.

20         C H R I S   S A G N E L L A,
21 having first affirmed, was examined and testified
22 as follows:

23         THE WITNESS: Chris Sagnella,
24 S-A-G-N-E-L-L-A, I live at 39 James Street in
25 Hamden.

1   A.   It's dated differently.

2   Q.   You take as much time as you like.

3   A.   It's dated differently.

4   Q.   What else did you say?

5   A.   I didn't look at these while you were
6  showing them to me, I didn't have time to read them
7  both, so I didn't notice that they were different.
8  Yeah, they look different and they are dated
9  differently, that is correct.

10  Q.   Exhibit 43 for identification is dated
11 August 30, 2000, but Exhibit 44 for identification
12 is dated September 25, 2000, the very same day as
13 the day of the meeting with Superintendent Mayo
14 isn't it?  Is that right?

15  A.   That is correct.

16  Q.   Why did you write the second one?

17  A.   Because I was insulted.

18  Q.   Isn't it a fact that Mr. Russell came to
19 you and asked you on the morning of September 25,
20 2000 to write it again so he could give it to
21 Superintendent Mayo?

22  A.   That I don't recall.

23  Q.   You don't recall?

24  A.   No.

25  Q.   Do you recall testifying at an earlier

1  proceeding in which you testified that Mr. Russell
2  came up to you and told you that he needed
3  something more in writing and would you give it to
4  him?
5      A.  I vaguely remember.
6      Q.  And that happened on the morning of
7  September 25, 2000; isn't that a fact?
8      A.  That I don't recall, if it was that exact
9  day.
10     Q.  Let me ask you this: You wrote it for him
11 when he asked you?  When he came up to you and
12 asked you to write it again, you wrote it on the
13 very same day he asked you to write it, didn't you?
14     A.  Most likely.  My boss asked me to do
15 something, I usually do it.
16     Q.  Correct.  And as you look at Exhibit 44 for
17 identification, it happens to be September 25,
18 2000; isn't that correct?
19     A.  That's correct, yeah.
20         MR. WILLIAMS:  I'm going to offer 43 and
21 44 as full exhibits, your Honor.
22         MS. KRAMER: I have no objection, your
23 Honor.
24         THE COURT: Full exhibits.
25         MR. WILLIAMS: No further questions.

# EXHIBIT E

1

```
                UNITED STATES DISTRICT COURT

                  DISTRICT OF CONNECTICUT


  *    *    *    *    *    *    *

D. CLARK HOWELL                      *

                    Plaintiff,   *  Case No 02cv736(JBA)

             VS.                     *

NEW HAVEN BOARD OF EDUCATION  *  DECEMBER 2, 2004

                    Defendant        *

  *    *    *    *    *    *    *    *
```

TRANSCRIPT OF THE TESTIMONY OF

ALLISON IMPROTA

B E F O R E:

    THE HON. JANET BOND ARTERTON, U.S.D.J.

APPEARANCES:

    FOR THE PLAINTIFF:
    WILLIAMS & PATTIS
    51 Elm Street
    New Haven, CT.  06510
    BY:  JOHN WILLIAMS, ESQ.


    FOR THE DEFENDANT:
    CORPORATION COUNSEL
    157 Church Street
    New Haven, CT 06510
    BY:  AUDREY KRAMER, ESQ.

                          Sharon Montini
                        Official Court Reporter

```
 1     Q.   That doesn't exactly seem fair to the
 2  students, does it?
 3     A.   I think it's fair to the students,
 4  especially since they're there for school and they
 5  were very excited to know what they had got gotten.
 6     Q.   But you knew by doing that you were making
 7  them either late or later for the next class,
 8  didn't you?
 9     A.   I did, yeah.
10     Q.   Do you think that's fair to the student?
11     A.   I do think it's fair to the student.
12     Q.   I see.  Okay, you mentioned going to this
13  meeting.  Were you here the day before yesterday
14  when Mr. Waselik testified?
15     A.   Yes.
16     Q.   I take it that your recollection differs
17  from his?
18     A.   Maybe.  I mean --
19     Q.   All right.  Well, one more thing.  I'd like
20  to show you this document.
21          MR. WILLIAMS:  Could this be marked for
22  identification, please.
23          THE COURT: The number will be what?
24          THE CLERK: 45.
25          THE COURT: 45 for identification.
```

1  Q.  Is that your signature?
2  A.  Yes.
3  Q.  That's a memorandum that you wrote to
4  Superindendent Mayo and Principal Russell; is that
5  correct?
6  A.  Yes, it is.
7  Q.  And it concerns Mr. Howell; is that
8  correct?
9  A.  Right.
10       MR. WILLIAMS: It's offered, your Honor.
11       THE COURT: Any objection?
12       MS. KRAMER: No objection, your Honor.
13       THE COURT: 45 is a full exhibit.
14  Q.  This memorandum concerns a conversation
15  that you said that you'd had with Mr. Howell on
16  September 22, 2000; is that right?
17  A.  Yes.
18  Q.  And you wrote that memorandum on September
19  25th, 2000 in the morning; isn't that right?
20  A.  Right.
21  Q.  And you did that at the request of
22  Principal Russell; isn't that right?
23  A.  Right.  Well, because I had told him about
24  it.
25  Q.  And he asked you --

```
 1     A.    About the situation.
 2     Q.    He asked you to write that memo; isn't that
 3  correct?
 4     A.    He asked me to put things in writing about
 5  other things also.
 6     Q.    And he asked you to write that memo to
 7  Superintendent Mayo, didn't he?
 8     A.    I did.  I mean, yeah.
 9     Q.    You did it because he asked you?
10     A.    Right, probably.  No, definitely.
11            MR. WILLIAMS: No further questions.
12            THE COURT: Anything further?
13            MS. KRAMER: No further questions, your
14  Honor.
15            THE COURT: All right, Ms. Improta, thank
16  you very much.  You may step down.  Your next
17  witness, please.
18            MS. KRAMER: If I may just have a moment
19  please.  The defense calls Mr. Russell, John
20  Russell.
21
22
23
24
25
```

# EXHIBIT F

```
 1                UNITED STATES DISTRICT COURT

 2                   DISTRICT OF CONNECTICUT

 3

 4   *   *   *   *   *   *   *

 5   D. CLARK HOWELL                    *

 6                     Plaintiff,   *  Case No 02cv736(JBA)

 7           VS.                        *

 8   NEW HAVEN BOARD OF EDUCATION  *  DECEMBER 2, 2004

 9                     Defendant        *

10   *   *   *   *   *   *   *   *

11

12           TRANSCRIPT OF THE TESTIMONY OF

13           JOHN RUSSELL & REGINALD MAYO

14

15   B E F O R E:

16       THE HON. JANET BOND ARTERTON, U.S.D.J.

17

18   APPEARANCES:

19       FOR THE PLAINTIFF:
         WILLIAMS & PATTIS
20       51 Elm Street
         New Haven, CT.  06510
21       BY:  JOHN WILLIAMS, ESQ.

22

23       FOR THE DEFENDANT:
         CORPORATION COUNSEL
         157 Church Street
24       New Haven, CT 06510
         BY:  AUDREY KRAMER, ESQ.
25                              Sharon Montini
                            Official Court Reporter
```

```
 1              J O H N   R U S S E L L,
 2   having first affirmed, was examined and testified
 3   as follows:
 4              THE WITNESS: John Russell,
 5   R-U-S-S-E-L-L, is my last name.  My address is 1298
 6   Hartford Turnpike in North Haven.
 7              THE COURT: You may proceed.
 8   DIRECT EXAMINATION
 9   BY MS. KRAMER:
10       Q.   Good morning, Mr. Russell.  Can you tell
11   the jury what your occupation is.
12       A.   Yes, I'm principal of Hyde Leadership
13   School in New Haven.
14       Q.   Okay, and how long have you been a
15   principal at Hyde Leadership School?
16       A.   Since 1997; '97/'98.
17       Q.   And what are your responsibilities as
18   principal?
19       A.   I am the instructional leader for the
20   building.  I'm also responsible for the safety and
21   welfare of all students, staff at the building.
22       Q.   Can you give us a little explanation of the
23   philosophy of Hyde?
24       A.   Yes, we're a magnet school located in
25   Hamden, but we're part of the New Haven system, and
```

```
 1    A.    I participated in the sense of documenting
 2  everything, yes.
 3    Q.    You also testified that you were at the
 4  table when the decision was made; isn't that right?
 5    A.    To have him removed?
 6    Q.    Yes.
 7    A.    I don't recall.
 8    Q.    You don't recall?
 9    A.    I really don't recall, no.
10    Q.    Do you recall being asked the question,
11  "Did you make any recommendations to the
12  superintendent as to what, if anything, should
13  happen to Clark?"  And answering, "I probably did
14  make a recommendation."
15    A.    I did make a recommendation.
16    Q.    And --
17    A.    EAP, and others.
18    Q.    And do you recall being asked the question,
19  whether you were part of the decision-making
20  process to transfer him out of Hyde, and answering,
21  "I was at the table"?
22    A.    I was at the table for that first hearing,
23  yes, I was.
24    Q.    And do you recall being asked the question:
25  "Who made the decision?"  And giving the answer,
```

```
 1    "It was made collectively between the
 2    superintendent, personnel and myself."
 3        A.   Yes.
 4        Q.   All right.  You agree that your testimony
 5    today differs?
 6        A.   No.
 7        Q.   So, you contend that's consistent?
 8        A.   Yes.
 9        Q.   So, you now agree with us that you and the
10    superintendent and his personnel director, Starlet
11    Wilder, together made the decision to remove Mr.
12    Howell initially, to remove him totally, and then
13    eventually to transfer him to the Co-Op school?
14        A.   Could you repeat the question, sir?
15        Q.   Yes.
16        A.   Sorry.
17        Q.   You agree, do you not, that you and
18    Superintendent Mayo and Starlet Wilder, director of
19    personnel, together jointly made the decision to
20    remove Mr. Howell?
21        A.   I think I had input in that decision, sir.
22        Q.   All right.  Now, you testified earlier this
23    morning that the first you heard about Mr. Howell
24    seeing a therapist was at the September 2000
25    meeting; is that right?
```